**RECEIVED**

SEP 0 8 2025

Dept. of Highway Safety & Motor Vehicles
Office of General Counsel - Tallahassee

IN THE CIRCUIT COURT OF THE 8TH
JUDICIAL CIRCUIT IN AND FOR
LEVY COUNTY, FLORIDA
CASE NO.: 38-2023-CT-000085
CIVIL DIVISION:

**ALAN ANDREWS,**

Plaintiff,

vs.

**FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,
MICHAEL T. THOMAS, and GABRIEL KEYES,**

Defendants.

_____/

## AMENDED COMPLAINT

ALAN ANDREWS (hereinafter "Plaintiff") hereby sues Defendant FLORIDA

DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES (hereinafter

"FLHSMV"), Defendant MICHAEL T. THOMAS (hereinafter "THOMAS"), and

GABRIEL KEYES hereinafter "KEYES"), all three Defendants shall hereinafter

be collectively referred to as "Defendants") and alleges:

### PARTIES

1. Plaintiff Alan Joseph Andrews is a resident of Florida.

2. Defendant THOMAS is a Florida Highway Patrol Trooper employed by

FLHSMV and is a resident of Florida.

3. Defendant KEYES is a Florida Highway Patrol Trooper employed by

FLHSMV and is a resident of Florida.

4. Defendant FLHSMV directs and supervises the Florida Highway Patrol

as explicitly stated in Fla. Stat. § 321.05 and Fla. Stat. § 321.04.

### JURISDICTION AND VENUE

5.   This Court has subject matter jurisdiction over this action pursuant to Article V, Section 5(b) of the Florida Constitution - Fla. Const. Art. V, § 5 - and Fla. Stat. § 26.012, which grant circuit courts original jurisdiction in all actions at law not cognizable by county courts, including actions for false arrest and civil rights violations.

6.   This Court has personal jurisdiction over Defendant THOMAS because he is a resident of Florida.

7.   This Court has personal jurisdiction over Defendant KEYES because he is a resident of Florida.

8.   This Court has personal jurisdiction over FLHSMV because it is a state agency of Florida.

9.   This Court is the proper venue for this case pursuant to Fla. Stat. § 47.011, as the cause of action accrued in Levy County, where Plaintiff was arrested and detained.

## STATEMENT OF FACTS

10. On February 16, 2023, at approximately 2:51 p.m., Plaintiff was pulled over for a seat belt violation at CR 341 at NW 165 Street, Trenton, FL, which is located in Levy County.

11. Defendant THOMAS allegedly smelled alcohol on Plaintiff's breath.

12. Defendant THOMAS conducted roadside sobriety tests, which Plaintiff allegedly underperformed.

13. Plaintiff was transported to the Levy County Jail.

14. At the Levy County Jail, Plaintiff was given two breathalyzer tests.

15. Both breathalyzer tests registered under Florida's legal limit for Driving

Under the Influence (DUI).

16. The breathalyzer test results were reviewed at approximately 3:15 p.m. on February 16, 2023.

17. After reviewing the negative breathalyzer test results, Defendant THOMAS then suspected Plaintiff was under the influence of an unknown chemical substance, which Plaintiff denied.

18. Defendant THOMAS requested a urine sample from Plaintiff for testing of chemical substances.

19. Plaintiff provided the requested urine sample to Defendant THOMAS.

20. Defendant KEYES also requested a second urine sample from Plaintiff.

21. Plaintiff provided the requested urine sample to Defendant KEYES.

22. The urine samples could not be analyzed at the Levy County Jail and needed to be sent to a lab for testing.

23. Despite the negative breathalyzer test results, Plaintiff was not released from custody until approximately 10:00 a.m. on February 17, 2023.

24. After more than a month, both urine tests came back completely negative.

25. The criminal case against Plaintiff was subsequently nolle prossed.

26. Defendant THOMAS admitted that Plaintiff was cooperative and his speech was normal.

27. On July 9, 2024, Plaintiff provided statutory notice of his claim pursuant to Florida Statute 768.28(6)(a) to the Florida Highway Patrol, Troop B - Lake City, and the Florida Department of Financial Services.

**COUNT 1 - FALSE ARREST/FALSE IMPRISONMENT**

**(AGAINST ALL DEFENDANTS)**

28. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

29. Defendants intentionally detained and restrained Plaintiff against his will.

30. Defendants detained Plaintiff at the Levy County Jail from approximately 3:15 p.m. on February 16, 2023, after the negative breathalyzer test results, until approximately 10:00 a.m. on February 17, 2023.

31. The detention was unreasonable and unwarranted under the circumstances.

32. After the negative breathalyzer test results at approximately 3:15 p.m. on February 16, 2023, there was no probable cause to continue detaining Plaintiff.

33. The detention was without legal authority or "color of authority."

34. After the negative breathalyzer test results, probable cause for Plaintiff's continued detention evaporated, yet Defendants continued to detain him for approximately 19 additional hours.

35. Plaintiff suffered damages as a result of the unlawful detention.

36. Plaintiff suffered loss of liberty, emotional distress, humiliation, embarrassment, and other injuries as a result of being unlawfully detained.

**COUNT 2 - DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 -
FOURTH AMENDMENT VIOLATION
(AGAINST DEFENDANT THOMAS)**

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

38. Defendant THOMAS acted under color of state law.

39. Defendant THOMAS was acting in his capacity as Florida Highway Patrol Trooper, which is a state law enforcement agency, when he detained Plaintiff.

40. Defendant THOMAS deprived Plaintiff of a right secured by the Constitution or laws of the United States.

41. Defendant THOMAS violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures by continuing to detain him after the negative breathalyzer test results at approximately 3:15 p.m. on February 16, 2023, when probable cause had dissipated.

42. The deprivation caused injury to Plaintiff.

43. Plaintiff suffered loss of liberty, emotional distress, humiliation, embarrassment, and other injuries as a result of being unlawfully detained for approximately 19 hours after probable cause had dissipated.

44. Defendant THOMAS acted with the requisite culpability.

45. Defendant THOMAS knew or should have known that continuing to detain Plaintiff after the negative breathalyzer test results, without other evidence of intoxication, violated Plaintiff's constitutional rights.

## COUNT III - DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 - FOURTEENTH AMENDMENT DUE PROCESS VIOLATION (AGAINST DEFENDANT KEYES)

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 27 as if fully set forth herein.

47. Defendant KEYES acted under color of state law.

48. Defendant KEYES was acting in his capacity as Florida Highway Patrol

Troopers, which is a state law enforcement agency, when he detained Plaintiff.

49. Defendant KEYES deprived Plaintiff of a right secured by the Constitution or laws of the United States.

50. Defendant KEYES violated Plaintiff's Fourteenth Amendment right to due process by continuing to detain him after the negative breathalyzer test results at approximately 3:15 p.m. on February 16, 2023, when probable cause had dissipated.

51. The deprivation caused injury to Plaintiff.

52. Plaintiff suffered loss of liberty, emotional distress, humiliation, embarrassment, and other injuries as a result of being unlawfully detained for approximately 19 hours after probable cause had dissipated.

53. Defendant KEYES acted with the requisite culpability.

54. Defendant KEYES knew or should have known that continuing to detain Plaintiff after the negative breathalyzer test results, without other evidence of intoxication, violated Plaintiff's constitutional rights.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

- Compensatory damages against all defendants in an amount to be determined at trial for the loss of liberty, emotional distress, humiliation, embarrassment, and other injuries suffered by Plaintiff.

- Punitive damages against Defendants THOMAS and KEYES in an amount to be determined at trial for their willful, wanton, and reckless disregard for Plaintiff's constitutional rights.

- Reasonable attorney's fees pursuant to 42 USCS § 1988.

- Costs of this action.

- A declaration that Defendants' actions violated Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

- An order requiring the Florida Highway Patrol to implement policies and training to prevent similar constitutional violations in the future, and

- Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated:    8/18/2025

Respectfully submitted,

SHOCHET LAW GROUP
Attorneys for Plaintiff
409 N. Main Street
Trenton, FL 32693

By: /s/ Randall Shochet
Randall ("Randy") Shochet, Esq.
FBN    959421
attorneys@counsel.insure